UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES ROGER BROOKS,

    Petitioner,          Case No. 2:21-CV-10993

v.          Hon. George Caram Steeh

BRYAN MORRISON,

    Respondent.
_____/

## ORDER DIRECTING THE CLERK OF THE COURT TO TRANSFER THE MOTION FOR A CERTIFICATE OF APPEALABILITY (ECF No. 14) AND THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS ON APPEAL (ECF No. 13) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254, challenging his state court convictions. The Court denied the petition for a writ of habeas corpus with prejudice. The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis. Brooks v. Morrison,* No. 2:21-CV-10993, 2022 WL 805858 (E.D. Mich. Mar. 15, 2022).

Petitioner filed a Notice of Appeal. (ECF No. 11). Petitioner has also filed a motion for a certificate of appealability (ECF No. 14) and an application to proceed without prepaying fees and costs on appeal. (ECF No. 13).

The proper procedure when a district court denies a certificate of appealability is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for a writ of habeas corpus or the motion to vacate sentence. *See Sims v. U.S.,* 244 F.3d 509 (6th Cir. 2001)(citing Fed. R. App. P. 22(b)(1)). Petitioner should direct his request for a certificate of appealability to the Sixth Circuit. The Court, in the interests of justice, will order that petitioner's motion for a certificate of appealability to be transferred to the United States Court of Appeals for the Sixth Circuit.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(per curiam)); *see also Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). Petitioner's notice of appeal divests this Court of jurisdiction to consider his motion to proceed without prepaying fees and costs on appeal. Jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal; thus, petitioner's motion would be more

appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984).

Accordingly, **IT IS HEREBY ORDERED** that:

The Clerk of the Court transfer the "Motion for a Certificate of Appealability" (ECF No. 14) and the "Application to Proceed Without Prepaying Fees and Costs on Appeal" (ECF No. 13) to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Dated: May 4, 2022

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 4, 2022, by electronic and/or ordinary mail and also on Charles R. Brooks #238284, Lakeland Correctional Facility, 141 First Street, Coldwater, MI 49036.

s/Brianna Sauve
Deputy Clerk